UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JEREMIE SHENEMAN,<br><br>  Defendant. | No. CR 4-11-70141 MAG<br><br><br><br>DETENTION ORDER |

## I. INTRODUCTION

On February 15, 2011, defendant Jeremie Sheneman made his initial appearance on a warrant charging that he violated the terms of his pretrial release by not appearing at a hearing in the Northern District of Indiana on February 10, 2011. There are two indictments pending against Mr. Sheneman in the Northern District of Indiana: case number 3:10-CR-126 JD and case number 3:10-CR-120. The warrant is for the first case and is based – according to the government's proffer – on Mr. Sheneman's failure to appear at a status conference in that case on February 10, 2011. The second case charges mortgage fraud and was set for trial on February 14, 2011. Following a hearing under 18 U.S.C. § 3142(f), and considering the factors set forth in section 3142(g), the Court detains Mr. Sheneman as a serious risk of flight and finds that no condition or combination of conditions in section 3142(c) will reasonably assure his appearance in this case.

DETENTION ORDER
CR 4-11-70141 MAG

## II.  DISCUSSION

The factual record considered by the court includes the nature of charges, the original bail report from the Eastern District of New York that resulted in Mr. Sheneman's release on conditions, a psychological evaluation prepared in the Eastern District dated November 24, 2010, a psychiatric evaluation dated December 23, 2010, a supplemental bail study prepared by Pretrial Services here, a letter from Alta Bates about Mr. Sheneman's hospitalization on February 9, 2011 following his threats to kill himself, and the parties' proffers.

From the factual record, the following time line emerges:

| | |
|---|---|
| February 5, 2011: | The end date of the last travel order from Indiana allowing Mr. Sheneman to travel during his pretrial release |
| February 9, 2011: | Mr. Sheneman goes to emergency room threatening to kill himself |
| February 10, 2011: | Status appearance in Indiana in case no. 3:10-CR-126 JD |
| February 11, 2011 | Letter from Alta Bates Hospital to Federal Defender Robert Truitt in Indiana regarding Mr. Sheneman's hospitalization and maintaining that it was medically necessary to continue hospitalization for treatment |
| February 14, 2011 | Trial date in case no. 3:10-CR-120 |
| February 15, 2011 | Initial appearance in this district |

According to Pretrial Service's memorandum dated February 15, 2011, the supervising pretrial services officer in the Eastern District reported that Mr. Sheneman "has not been able to keep up with his mental health sessions due to his employment travel schedule." From the medical record, Mr. Sheneman suffers from bipolar disorder, adjustment order, and depression, and he has threatened suicide and apparently attempted suicide twice. He apparently is on medication that he has not received for two days.

The issue here is whether Mr. Sheneman will make his court appearances or whether he is instead a serious risk of flight.

To support the argument that conditions could be fashioned to assure Mr. Sheneman's release, defense counsel proffered that failing to get an extension of the February 5, 2011 permission to travel was based on a misunderstanding with the federal defender in Indiana. The basis for counsel's proffer was a discussion with the federal defender in Indiana, not just a

DETENTION ORDER
CR 4-11-70141 MAG                                        2

discussion with Mr. Sheneman.  That discussion also revealed that Mr. Sheneman attended other court appearances in Indiana and has worked closely with his defense attorney there to prepare for trial.  Mr. Sheneman apparently had an airline ticket to fly to Indiana.  Also, mental health issues can be stabilized, Mr. Sheneman can live with his mother in Indiana (she is on the bond already), Mr. Sheneman could be released to a halfway house here temporarily, and his mother could fly here to accompany him back to Indiana.

From the government's perspective, a victim in Mr. Sheneman's trial was his grandmother, which raises a concern about his familial loyalties.  The government also pointed out regardless of whether the facts show mental health issues or dissembling, the record shows a serious risk of flight.

On balance, the current factual record before the court does not establish that conditions could be fashioned to assure Mr. Sheneman's appearance in Indiana.  According to his supervising pretrial services officer, he is not keeping up with his mental health treatment.  That may have driven the hospitalization here.  On the other hand, showing up at an emergency room in Berkeley threatening suicide on the evening of February 9 is not consistent with attending a status appearance the next day in Indiana.  Considering the time line above, the factual record does not allow the court to conclude that the mental health issues provide an excuse for the failure to appear.  Instead, the conduct could have been a strategy to avoid an impending failure to appear and an impending trial.  Also, the court is concerned about Mr. Sheneman's failure to keep up with his mental health treatment and what that means about his ability to comply with conditions of release.  Finally, having the mother serve as custodian and accompany Mr. Sheneman to Indiana does not assuage the concern about flight risk.  She already signed on the bond, and that did not prevent the failure to abide by the conditions of release.

Accordingly, the court orders Mr. Sheneman detained as a serious risk of flight and finds that on the record before it, no condition or combination of conditions in section 3142(c) will reasonably assure the defendant's appearance in this case.  This order is without prejudice to Mr. Sheneman's presenting more information at a future bail hearing.  For example, sometimes mental health conditions can be stabilized by residence at a halfway house or with a suitable

DETENTION ORDER
CR 4-11-70141 MAG                        3

custodian.  Restrictive conditions also can be imposed that allow a defendant to travel to and from court only under supervision by his custodian.  The problem here is that usually those conditions are imposed under circumstances that give the court some confidence that the defendant acknowledges his situation and can comply with the conditions of his release.  At today's court appearance, however, Mr. Sheneman's statements and behavior did not give that confidence.

At the same time, to the extent that Mr. Sheneman's behavior is the result of mental health issues that potentially could change with medication, treatment or other stabilization, Mr. Sheneman may revisit the conditions of release at a later hearing.  The court suggested to the defense that whatever conditions of release might be fashioned, concerns of flight likely are best addressed in Indiana, where his residence and mental health treatment can be evaluated in the context of his obligation to appear for his scheduled court dates there.

### III.  CONCLUSION

The court detains the defendant as a serious flight risk without prejudice to his raising the bail issue at a future hearing.  The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  *See* 18 U.S.C. § 3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult privately with counsel.  *See id.* § 3142(i)(3).  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.  *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED:

_____
LAUREL BEELER
United States Magistrate Judge

DETENTION ORDER
CR 4-11-70141 MAG                         4